IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD STROUD, | ) |
|     Plaintiff, | ) Cause No.: |
| vs. | ) |
| ASBURY AUTOMOTIVE ST. LOUIS, L.L.C., d/b/a PLAZA BMW | ) **SERVE DEFENDANT AT:** |
| | ) CSC-Lawyers Incorporating Service Co. |
| | ) **221 Bolivar Street** |
|     Defendant | ) **Jefferson City, MO 65101** |

## COMPLAINT

COMES NOW Plaintiff, by and through his undersigned attorney, and for his Petition against Defendant, Asbury Automotive St. Louis, L.L.C., d/b/a Plaza BMW, (hereinafter referred to as "Defendant"), states as follows:

### COUNT I - DISCRIMINATION - FEDERAL

1. Plaintiff is a male over the age of forty (40) years, residing in St. Louis County, State of Missouri and is requesting a Jury Trial herein.

2. Defendant is a corporation, in good standing and incorporated under the laws of the State of Delware, but registered to do business in the State of Missouri as a foreign corporation, and under the fictitious name of Plaza BMW, with offices located at 11858 Olive Blvd., Creve Coeur, Missouri 63141.

1

3. This Court has original jurisdiction, pursuant to 42 USC Section 2000(e), Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA").

4. Defendant hired Plaintiff as a mechanic on September 10, 2010.

5. At the time that Plaintiff's employment with Defendant was terminated, he was earning $28.50 per hour, in the position of a senior mechanic.

6. Plaintiff filed for Workers' Compensation benefits for an injury Plaintiff sustained on the job on December 15, 2017, which claim was resolved in the Spring of 2020.

7. In early March, 2020, Plaintiff took 2 weeks of vacation, partially due to his concern over the beginning of the Covid-19 pandemic and, while he was on vacation, Plaintiff was furloughed as a result of the Covid-19 pandemic lockdown.

8. Plaintiff was one of three mechanics, out of approximately 18 mechanics, to be furloughed, even though Plaintiff had seniority.

9. Plaintiff was told he was chosen for furlough because certain supervisors of Plaintiff were upset that he took vacation time off due to his concerns over the impending pandemic.

10. At all times relevant hereto, Plaintiff possessed the skills and abilities to fulfill his position as a mechanic and had mentored, trained and advised younger, less experienced, mechanics over the years and was consistently assigned to tasks and jobs that the younger mechanics were unable to perform or complete.

11. During the period of time that Plaintiff was furloughed, Defendant advertised for the employment of mechanics to replace Plaintiff and other furloughed mechanics.

12. Defendant rehired all of its employees who were furloughed, with the exception of Plaintiff and two other employees, all of whom were over the age of fifty (50) years.

13. Shortly after Plaintiff agreed to settle his Workers' Compensation claim with Defendant, Plaintiff was terminated on June 2, 2020, permanently.

14. Subsequent to Plaintiff's discharge, Plaintiff had the qualifications and experience to fulfill the duties of a senior mechanic with Defendant, yet Defendant continued to advertise to hire new mechanics.

15. Plaintiff was replaced by mechanics under the age of forty (40) years and who earned less than Plaintiff and who had not settled a Workers' Compensation claim with Defendant.

16. Plaintiff had fulfilled all requirements of his job and fulfilled all requirements of the Defendant to provide services to Defendant as a senior mechanic.

17. Plaintiff was terminated in favor of younger employees or younger potential employees, in violation of Title VII of the Civil Rights Act of 1964 and the ADEA, thereby denying Plaintiff equal protection under the laws, in violation of his Constitutional Rights.

18. Plaintiff also was the victim of retaliatory discharge, due to his desire to exercise his vacation time to avoid exposure to Covid-19 and also as a result of the settlement of his Workers' Compensation claim.

19. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission, ("EEOC") and with the Missouri Commission on Human Rights, ("MCHR"), for discrimination, alleging that Defendant committed unlawful employment practices against Plaintiff in violation of the aforementioned Federal Statutes, and in violation of R.S.Mo. Chapter 213.

20. The EEOC deemed Plaintiff to have timely filed his complaint with the EEOC, but, even though Plaintiff had completed the intake documents with the MCHR in July, 2020, the MCHR failed to provide Plaintiff with a Complaint for Discrimination to sign until the time to file with MCHR had passed.

21. MCHR knew of the filing of the complaint with the EEOC and MCHR by Plaintiff, and a case was opened by the MCHR, but the MCHR failed and refused to issue a Right to Sue Letter to Plaintiff.

22. The EEOC provided Plaintiff with a Right to Sue Letter on October 19, 2021.

23. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses and lost earnings, job experience, retirement benefits, bonuses, and other employee benefits which Plaintiff would have received, absent Defendant's discrimination and retaliatory discharge, and has suffered from emotional distress and harm, as a result of Defendant's actions, herein.

24. Furthermore, Plaintiff has incurred additional costs and expenses due to Defendant's discrimination and retaliatory discharge, including attorney's fees.

25. Plaintiff's damages are continuing in nature, in an amount in excess of Seventy-five Thousand Dollars, ($75,000.00).

26. The actions of Defendant were willful, wanton, malicious and oppressive, without just cause or excuse and in total disregard of Plaintiff's rights.

27. Plaintiff complained to his supervisors and managers with respect to said discrimination and retaliatory discharge, but no action, of any kind, was taken in response thereto by Defendant, to remedy the wrongdoing.

28. Plaintiff will incur substantial attorney's fees in connection with the pursuit of this claim herein.

WHEREFORE, Plaintiff prays this Court to enter Judgment against Defendant, in an amount which is fair and reasonable, in excess of Seventy-five Thousand Dollars, ($75,000.00), plus Plaintiff's costs and expenses incurred herein, back pay and front pay, double liquidated damages, the value of any and all lost benefits and bonuses, post and pre-judgment interest, expenses and attorney's fees, punitive damages, damage for emotional distress and harm, and any other relief this Court deems just and fair in the premises.

## COUNT II - DISCRIMINATION - MISSOURI

29. Plaintiff restates, realleges and incorporates herein, paragraphs 1 through 28 of Count I of Plaintiff's Petition.

30. The Missouri Commission on Human Rights has refused to issue a Right to Sue Letter, as a result of its failure to timely file Plaintiff's claims herein, pursuant to the dual filing for discrimination by Plaintiff.

31.     Plaintiff should not be estopped from pursuing his claims herein, pursuant to Chapter 213 of the Revised Statutes of Missouri, as if a Right to Sue Letter was issued concurrently with that of the EEOC.

WHEREFORE, Plaintiff prays this Court to enter Judgment against Defendant, in an amount which is fair and reasonable, in excess of Seventy-five Thousand Dollars, ($75,000.00), plus Plaintiff's costs and expenses incurred herein, back pay and front pay, any and all lost benefits and bonuses, post and pre-judgment interest, expenses and attorney's fees, punitive damages, and damages for emotional distress and harm, and any other relief this Court deems just and fair in the premises.

THE BAKULA LAW FIRM

BY: /s/ Bradley J. Bakula
Bradley J. Bakula, MBE# 32909
8011 Clayton Rd., Third Floor
St. Louis, MO 63117
Phone (314) 727-7100
Fax:   (314) 727-4762
e-mail: bbakula@8011clayton.com
Attorney for Plaintiff